UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-16 |
| | ) | |
| DEAN KINNINGHAM, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The parties appeared before the undersigned on October 11, 2011, for a scheduled pretrial conference and motion hearing on the Defendant's Motion to Substitute Counsel and for a Hearing on This Motion to Take Place by Teleconferencing [Doc. 22], filed on September 28, 2011, and referred [Doc. 23] to the undersigned on October 3, 2011. Assistant United States Attorney Melissa M. Kirby appeared on behalf of the Government. Court-appointed Attorney Jonathan A. Moffatt and training panel Attorney Deno Cole represented the Defendant, who appeared by telephone.

First, the Court notes that the Defendant requested that the hearing take place by video teleconference, because he is currently in custody at the Columbia Regional Care Center in Columbia, South Carolina, where he can receive treatment for a medical condition. Although the Court agreed to conduct the hearing by video teleconference, the facility in South Carolina was not properly equipped to accommodate the request at this time. Accordingly, the Court permitted the Defendant to participate in the hearing by telephone.

Attorney Moffatt asks to be relieved of his representation of the Defendant due to an

1

actual conflict of interest stemming from the Federal Defenders of East Tennessee's representation of another client. At the October 11 hearing, Mr. Moffatt stated that he had consulted with the Tennessee Board of Professional Responsibility regarding this conflict, and the Board had agreed that he could not proceed with his representation of Defendant Kinningham. Mr. Moffatt stated that he had discussed the conflict generally with the Defendant, who understood Mr. Moffatt's need to withdraw from the case. Additionally, Mr. Moffatt stated that training panel Attorney Cole did not share his conflict and could remain on the case. Mr. Cole confirmed that he did not have a conflict and that he wanted to continue his representation of the Defendant. The Court questioned the Defendant, who stated that he had discussed this issue with Mr. Moffatt and that he understood that Mr. Moffatt needed to withdraw from representing him. The Government had no objection to the requested substitution of counsel.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. See Glasser v. United States, 315 U.S. 60, 70 (1942). Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 160 (1988). "'[W]hen a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'" United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)). Indeed, a court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings.

2

Wheat, 486 U.S. at 160.

In light of the existence of an actual conflict of interest, the Court finds good cause exists to grant defense counsel's Motion to Substitute Counsel **[Doc. 22]**, the same is **GRANTED**, and Mr. Moffatt is relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel. At the October 11 hearing, Attorney Bruce E. Poston appeared and agreed to accept representation of the defendant  The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Poston under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, as counsel of record for Defendant Kinningham. Attorney Cole may continue to represent the Defendant as a training panel attorney. Attorney Moffatt has already turned over the discovery and case file to Mr. Poston, who stated his intention to meet with the Defendant within the next week. All dates and deadlines in this case, including the December 13, 2011 trial date, shall remain the same at this time. If, upon his review of the case, Mr. Poston determines a need for a change in the present deadlines or trial date, he shall promptly move the Court for the needed relief.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge