UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DEAN KINNINGHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 3:11-CR-16-TWP-CCS-1 |
| ) | 3:16-CV-376-TWP |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 44].[1] The United States responded in opposition on August 10, 2016 [Doc. 47]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, Petitioner's § 2255 motion [Doc. 44] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

In 2011, Petitioner pled guilty to robbing a pharmacy with a dangerous weapon, in violation of 18 U.S.C. § 2118(a), (c)(1), and using, carrying, and brandishing a firearm during and in relation to that crime of violence, in violation of 18 U.S.C. § 924(c) [Doc. 33]. Petitioner faced a statutory penalty range of up to twenty-five years' imprisonment for the pharmacy robbery and a mandatory consecutive penalty of seven years up to life imprisonment for the § 924(c) offense [Presentence Investigation Report (PSR) ¶¶ 95–96]. Based on a prior federal bank robbery conviction and prior

---

[1]    On February 11, 2016, Federal Defender Services of Eastern Tennessee ("FDSET") was appointed for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on the *Johnson* decision. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed the instant petition [Doc. 44].

Tennessee convictions for aggravated robbery and aggravated burglary, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines with an advisory Guidelines range of 262 to 327 months' imprisonment [*Id.* ¶¶ 40–42, 97]. On June 26, 2012, the Court sentenced Petitioner to 262 months' imprisonment followed by five years' supervised release [Doc. 42].

No direct appeal was taken and, as a result, Petitioner's conviction became final for purposes of § 2255(f)(1) on July 10, 2012, at expiration of time to file the same. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within [fourteen]-days after . . . the entry of . . . judgment."). The United States Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the instant petition for collateral relief less than one year later [Doc. 44 (challenging his career offender enhancement in light of the *Johnson* decision)].

## II.     TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the

facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). It is yet to be seen whether the same is true of the "new rule" that results from application of *Johnson*'s reasoning in the Guideline context. *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). The Court finds that it need not resolve the issue here, however, because the *Johnson* decision has no impact on Petitioner's case.

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v.*

*United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**IV.    ANALYSIS**

Petitioner articulates a single ground for relief, arguing that the *Johnson* decision removed his federal bank robbery and Tennessee aggravated burglary convictions from Section 4B1.2's definition of "crime of violence" and that without those convictions he no longer has sufficient predicate offenses for career offender enhancement [Doc. 44].

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  The statute defines "violent felony" as  "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").  18 U.S.C. § 924(e)(2)(B).  It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*.  135 S. Ct. at 2563.  The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses.  *Id.*  Nor did *Johnson* disturb the use of prior serious drug offenses.

4

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Doc. 270].

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2(a) or as "controlled substance offenses" under Section 4B1.2(b). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016).

To determine whether an offense was properly categorized as a predicate crime of violence under Section 4B1.1, the Court needs to identify the precise crime of conviction. *Descamps*, 133

5

S. Ct. 2276, 2285 (2013).[2] To do so, the Court employs a "categorical approach," under which it looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283 (internal quotations omitted). If violation of the statute invariably involves the use, attempted use, or threatened use of violent force or falls within the generic definitions of burglary, arson, or extortion, then the conviction categorically qualifies as a crime of violence and the courts' task is complete. It is only when the statute criminalizes conduct in excess of that covered by the use-of-physical-force and enumerated-offense clauses, that the Court must determine whether the statute is divisible or indivisible. A divisible statute is one that comprises multiple crimes, alternative sets of elements. *Id.* at 2281. An indivisible statute is one that contains a single crime, lone set of indivisible elements. *Mathis*, 136 S. Ct. at 2249. When faced with a divisible statute, the Court resorts to the "modified categorical approach," i.e., consults "a limited class of documents, such as indictments and jury instructions, to determine which alternative [set of elements] formed the basis of the defendant's prior conviction." *Id.* at 2281. Because the categorical and modified approaches are concerned with elements alone and not the "facts underlying [any particular] conviction," *Id.* at 2285, the Court is prohibited from using either approach to distinguish between alternative means for satisfying a single indivisible element. *Mathis*, 136 S. Ct. at 2253–54. Thus, it is important to

---

[2] The Supreme Court clarified in *Descamps* how sentencing courts should identify a defendant's offense when the prior conviction involved the violation of a "divisible" statute—one which "comprises multiple, alternative versions of the same crime." 133 S. Ct. at 2284. Specifically, the Court explained that the sentencing court should employ a "modified categorical approach" and "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281. The decision made clear that "the job . . . of the modified approach [was only] to identify, from among several alternatives, the crime of conviction so that the court can" determine whether that variant of the offense qualified as a violent felony under the ACCA's definition of violent felony. *Id.* at 2285.

6

distinguish between divisible provisions to which the modified approach can be applied and indivisible provisions to which it cannot.

Review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to collateral relief.

As an initial matter, binding Sixth Circuit precedent dictates that Tennessee aggravated robbery remains a crime of violence under the Guidelines use-of-physical force clause. *See United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) ("[T]he Supreme Court's holding in *Johnson* leaves unaffected the Court's determination that simple robbery in Tennessee is a predicate offense under the 'use-of-physical-force' clause."); *United States v. Bailey*, No. 14-6524, 2015 WL 4257103, at *4 (6th Cir. July 15, 2015) ("Tennessee convictions for aggravated robbery and robbery are categorically violent felonies under the ACCA's use-of-physical-force clause."); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding Tennessee robbery is categorically a violent felony under the ACCA's use-of-physical-force clause); *see also United States v. Kemmerling*, 612 F. App'x 373, 375–76 (6th Cir. 2015) (reiterating that *Johnson* did not affect the use-of-physical-force clause).

Petitioner's federal bank robbery conviction remains a crime of violence as well. For purposes of Section 4B1.2(a)(1), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). At the time of Petitioner's conviction, the federal bank robbery statute prohibited taking or attempting to take "by force and violence, or by intimidation . . . from the person or presence of another" and "obtain[ing] or attempt[ing] to obtain by extortion any property

7

or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank." 18 U.S.C. § 2113(a). The provision went on to prohibit entering or attempting to enter "any bank . . . . with intent to commit in such bank . . . any felony affecting such bank . . . and in violation of any statute of the United States, or any larceny." *Id.* Binding Sixth Circuit precedent provides that the provision is divisible and that only the former variant of the offense—taking or attempting to take a thing of value from the person or presence of another by force and violence or intimidation—remains a crime of violence under Section 4B1.2 after the *Johnson* decision. *See United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (noting that the latter variant of federal bank robbery includes non-violent crimes like mortgage fraud).

Reference to Petitioner's judgment reveals that he was convicted of violating both § 2113(a) and (d) [Doc. 47-1], meaning he was convicted of "assault[ing] . . . or put[ting] in jeopardy the life of [another] person by the use of a dangerous weapon or device" during the bank robbery. 18 U.S.C. § 2113(d). Because use of such a weapon or device necessarily equates to the use, attempted use, or threatened use of violent physical force, *see, e.g.*, *Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016) (finding that "[i]ntentionally or knowingly commit[ting] an assault" while "us[ing] or display[ing] a deadly weapon" is categorically a violent felony under the ACCA's use-of-force clause); *accord United States v. Whindleton*, 797 F.3d 105, 114 (1st Cir. 2015) (finding that the Massachusetts offense of assault with a dangerous weapon categorically qualifies as a violent felony under the ACCA's use-of-force clause because "the element of a dangerous weapon imports the 'violent force' [needed to turn the] otherwise overbroad simple

8

assault statute into a violent felony), the conviction remains a crime of violence independent of the now-defunct residual provision.[3]

**V.      CONCLUSION**

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 44] will be **DENIED** and **DISMISSED WITH PREJUDICE**.  The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

                                                         s/ Thomas W. Phillips
                                                     SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Because at least two of Petitioner's convictions remain crimes of violence independent of the *Johnson* and *Pawlak* decisions, this Court finds that it need not address whether Petitioner's aggravated burglary conviction remains a crime of violence after those decisions as well.